# BRANCH BANK AT DECATUR v. LANIER.

1. The payee of a promissory note agreed with the principal maker to extend the time of payment, and received from him a substituted note, subscribed with his name and that of his surety ; suit being brought upon the substitute, the surety denied the genuineness of his signature, and a verdict was returned in his favor. Afterwards the surety was sued upon the original note, and pleaded the statute of limitations, which it seems had run pending the first suit : *Held*, that the facts did not prevent the operation of the statute, there being nothing to show that the surety participated in, or connived at the forgery of his name after it was discovered.

Writ of error to the Circuit Court of Morgan.

THIS was a summary proceeding by notice and motion, at the suit of the plaintiff in error, to recover the amount of a promissory note made by the defendant as principal and two others, as his sureties, on the 22d February, 1837, for the payment to the plaintiff of the sum of two thousand dollars, ninety days after date. The defendant pleaded several pleas, one of which was the statute of limitations; to this latter plea the plaintiff replied in due form, that the note sued on, was the sole and entire consideration of an extended note for nine hundred and fifty-four dollars and seventy-five cents, dated the 27th of September, 1837, and purporting on its face to be made by the defendant as principal, with the same sureties as subscribed the first note, payable, as provided by the act of 1837, entitled " an act to extend the time of indebtedness to the Bank of the State of Alabama and its Branches, and legalizing the suspension of specie payments and for other purposes ;" which note was discounted by the plaintiff, in extension of the, note now in suit, on the 11th of October, 1837, under the belief that the signature thereto, purporting to be that of the defendant was genuine. It is then alledged that suit was brought on the latter note, and verdict and judgment rendered in favor of the defendant, on the plea of *non est factum;* and that on the

2d November, 1843, and within one year after the determination of that suit, whereby, and not until then, the fraud in the execution of the extension note was made known, the plaintiff commenced the present suit on the original note.

There was a demurrer to this replication, which was sustained, and the plaintiff declining to reply further, a judgment was rendered in favor of defendant.

L. P. WALKER, for the plaintiff in error, made the following points:   1. The defendant's liability was not merged in the .extension note, because he was not a party to it, and is consequently suable on the original note.   [2 Porter's Rep. 411;  11 Johns. Rep. 409; 15 Id. 241.]  2. In analogy to the statute which authorizes a plaintiff to bring another action within one year after his judgment has been reversed or arrested, the statute of limitations did not begin to run against the plaintiff until the expiration of that period, after the judgment in favor of the defendant, upon the extended note.   [Clay's Dig. 328, § 86.] The extension note was a fraud upon the plaintiff, and a reasonable time, at least, should be allowed to sue upon the original note, after the fraud was discovered.   *Further*, the statute of limitations was suspended upon the original until the extended note was ascertained, by the verdict and judgment, to be a forgery, as to the defendant.  [3 Porter's Rep. 395;  14 Mass. Rep. 425;  3 Pick. Rep. 261;  4 Id. 283.]

S. PARSONS, for the defendant.

COLLIER, C. J.—The mere fact of substituting a note, forged as to one of the supposed makers, for one which was genuine, and made by all who purport to have subscribed the former, will not, of itself, amount to a payment of the original note.   Whether, if the party whose name was forged, was ignorant of the fact, and was a surety, and upon the supposition that his liability was discharged, omitted to take steps to hasten the payment of the debt, or for his own indemnification, he might not avail himself of these facts as a defence, we need not inquire.

Assuming that the substituted note was ineffectual for the purpose stated, and we think it clear that it cannot prevent the operation of the statute of limitations upon the first note,

Branch Bank at Decatur v. Lanier.

in favor of the defendant, in the present case. This proposition cannot be better illustrated than by a statement of the facts. The defendant, with two others, made a note, on the 22d of February, 1837, for the payment of a sum of money to the plaintiff, ninety days after date; for the purpose of getting time to pay this note, another is offered to, and accepted by, the plaintiff, with the name of the defendant and the two other persons as makers. But the latter note, as it respects the defendant, is admitted to be a forgery. The statute began to run from the time the first note matured, and as the defendant did nothing to arrest its course, it continued until the bar became complete. To hold otherwise, would be to determine that a defendant might be affected by the act of a third person, to which he was not a party, and that he might be thus deprived of a defence which was provided by statute.

The plaintiff's counsel has attempted to bring this case within the statute, which authorizes a party to bring a suit within twelve months after a judgment obtained by him has been arrested or reversed, although the act which prescribes a limitation to the right to sue, perfected a bar after the first action was commenced. That statute applies where the plaintiff recovered a verdict or judgment, and not where the defendant made good his defence before the jury; consequently it cannot, by the application of the most liberal rules of construction, be invoked to aid the plaintiff. The case of Cummins v. Colgin, 3 Porter's Rep. 393, which has been cited to sustain the argument upon this point, instead of being favorable, is rather adverse to the plaintiff.

The consequence is, that the judgment must be affirmed.